UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| E-TANK LTD., ) | CASE NO. 5:11CV2358 |
| PLAINTIFF, ) | JUDGE SARA LIOI |
| vs. ) | |
| DEIST INDUSTRIES, INC. d/b/a ) BUCK'S FABRICATING, ) | **MEMORANDUM OPINION** |
| DEFENDANT. ) | |

Before the Court is defendant's motion to dismiss count three of the second amended complaint. (Doc. No. 15.) Plaintiff has filed its opposition (Doc. No. 17)[1] and defendant has filed a reply (Doc. No. 19). For the reasons discussed herein, the motion is **GRANTED**.

## I. PROCEDURAL BACKGROUND

On October 6, 2011, plaintiff E-Tank, Ltd. ("plaintiff") filed a complaint against Buck's Fabricating in the Stark County Court of Common Pleas. Shortly thereafter, plaintiff amended the complaint adding three additional counts and changing the named defendant to Deist Industries, Inc. d/b/a Buck's Fabricating ("defendant"). Plaintiff asserted claims for (1) breach of contract for a sale of goods; (2) breach of express and implied warranties of fitness for a particular purpose and/or merchantability; (3) product liability under Ohio law; (4) fraud; (5)

---

[1] Plaintiff's opposition is also supported by its Statement of Facts and Standard of Review set forth in Doc. No. 10. *See* Doc. No. 17 at 2.

Lanham Act violations; (6) Ohio Deceptive Trade Practices Act violations; and (7) declaratory judgment. Deist timely removed the action to this Court on November 1, 2011. (Doc. No. 1.)

On November 7, 2011, defendant filed a motion to dismiss counts three, four, five and six of the First Amended Complaint. On December 12, 2011, plaintiff filed its opposition to the motion and a notice of dismissal of counts four, five and six, coupled with a motion for leave to amend the complaint. (Doc. Nos. 10 and 11.) The Court granted plaintiff leave to file the Second Amended Complaint, which eliminated the previous counts four, five and six, but retained count three.

Defendant filed the instant motion to dismiss count three. (Doc. No. 14.) The motion is now fully briefed and ripe for determination.

## II. DISCUSSION

### A. Factual Allegations and the Motion to Dismiss

The Second Amended Complaint (Doc. No. 12) alleges that plaintiff is in the business of renting to contractors mobile vacuum tanks and sludge boxes for the temporary storage of liquid waste materials. (*Id*. ¶ 6.) Defendant is a manufacturer of mobile vacuum tanks and sludge boxes. (*Id*. ¶ 7.) On or about March 30, 2011, plaintiff ordered 24 vacuum box tanks ("tanks") from defendant to be built to specifications agreed upon by the parties, including but not limited to a specification that all seams would be welded both interior and exterior. (*Id*. ¶ 8.) On August 12, 2011, plaintiff ordered 20 more tanks from defendant, with the same specification regarding welded seams. (*Id*. ¶ 9.) Plaintiff has paid defendant $264,185 in partial payment on these two orders. (*Id*. ¶ 14.)

Defendant began delivering the tanks around June 30, 2011. (*Id*. ¶ 10.) Upon inspection, plaintiff discovered excess gaps, undercuts, and porosity in the seams and reported

this problem to defendant. (*Id*. ¶ 11.) Plaintiff was unable to inspect all the seams because some were on the underside of the tanks. (*Id*. ¶ 12.)

Plaintiff also began shipping these tanks to its customers. (*Id*. ¶ 13.) On September 24, 2011, a customer contacted plaintiff, complaining that the tank it had rented was leaking. (*Id*. ¶ 15.) Plaintiff immediately went to the customer's site to investigate and discovered that the tank was leaking from its underside where the seams were welded only on the inside. (*Id*. ¶ 16.) Plaintiff immediately contacted defendant to complain. (*Id*. ¶ 17.)

On September 24, 2011, plaintiff lifted the unrented tanks in its equipment yard and discovered they were all manufactured without welding the seams both interior and exterior. (*Id*. ¶ 18.) On September 27, 2011, defendant sent its Fabrication Manager, Keith Bailey, to plaintiff's facility in Massillon, Ohio. (*Id*. ¶ 19.) Mr. Bailey acknowledged the improper seam welding and proposed repairs. (*Id*. ¶ 20.)

By email to defendant's president dated September 28, 2011 (later also sent by letter), plaintiff rejected the non-conforming tanks delivered by defendant as of September 23, 2011 and cancelled the orders dated March 30, 2011 and August 12, 2011. (*Id*. ¶ 21.)

On the same date, plaintiff asked defendant to remove all 31 tanks from plaintiff's possession in a commercially reasonable manner because some of the tanks were on customers' sites with liquid inside and could not be removed until defendant delivered new tanks built to specifications and free from defects. (*Id*. ¶22.)

On or about October 5, 2011, after not receiving an adequate response from defendant to its September 28 correspondence, plaintiff sent another communiqué demanding adequate assurance within five days that defendant would replace the non-conforming tanks with conforming tanks. (*Id*. ¶ 23.) Defendant responded that it was rejecting plaintiff's claims and

would neither replace the non-conforming tanks nor refund the amounts plaintiff had already paid. (*Id*. ¶24.)

In Count Three of the Second Amended Complaint, plaintiff alleges a claim under Ohio's product liability statute, asserting that defendant's non-conforming, defective product caused plaintiff "to incur clean-up costs, on behalf of a customer using a defective vacuum box tank that leaked" in an amount greater than $800. (*Id*. ¶ 40.) Plaintiff seeks to recover "compensatory damages, incidental damages, consequential damages, including extra labor, fines, clean-up costs, and all other damages proximately related to the Defective Product." (*Id*. ¶ 41.)

Defendant seeks dismissal of Count Three, arguing both that it is barred by the economic loss rule and that plaintiff has failed to allege it suffered any "harm," a required element of a products liability claim. Because the claim can be resolved on the first ground, the Court need not consider the second ground.

**B.      Standard for a Motion to Dismiss**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[,]" Fed. R. Civ. P. 8(a)(2), in order to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 44, 47 (1957). Although this pleading standard does not require great detail, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level . . .." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing authorities). In other words, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Id*. at 556, n.3 (criticizing the *Twombly* dissent's assertion that the pleading standard of Rule 8 "does not require, or even invite, the pleading of facts"). "To survive a motion to dismiss,

a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp.*, 550 U.S. at 570). When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950.

**C.     Analysis**

"Under Ohio law, '[t]he economic-loss rule generally prevents recovery in tort of damages for purely economic loss.' " *Pavlovich v. Nat'l City Bank*, 435 F.3d 560, 569 (6th Cir. 2006) (quoting *Corporex Dev. & Const. Mgmt., Inc. v. Shook, Inc.*, 106 Ohio St. 3d 412, 414 (2005)). *See also In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 684 F. Supp. 2d 942, 949 & n.3 (N.D. Ohio 2009) ("In cases of contractual privity, courts apply a strong version of the economic loss rule.") (citing *Cincinnati Gas & Elec. Co. v. Gen. Elec. Co.*, 656 F. Supp. 49, 56-61 (S.D. Ohio 1986); *Avery Dennison Corp. v. Soliant LLC*, No. 1:04CV1865, 2005 WL 2035511, at *2 (N.D. Ohio Aug. 23, 2005)). "When a purchaser negotiates the purchase of a product, and that product fails to meet expectations, the economic loss rule and Ohio's product liability statute limit the purchaser to its contract remedies." *HDM Flugservice GmbH v. Parker Hannifin Corp.*, 332 F.3d 1025, 1031 (6th Cir. 2003).

The economic loss rule "stems from the recognition of a balance between tort law, designed to redress losses suffered by breach of a duty imposed by law to protect societal interests, and contract law, which holds that 'parties to a commercial transaction should remain free to govern their own affairs.' " *Eysoldt v. ProScan Imaging*, 194 Ohio App. 3d 630, 636-37 (Ohio Ct. App. 2011) (quoting *Chemtrol Adhesives, Inc. v. Am. Mfrs. Mut. Ins. Co.*, 42 Ohio St. 3d 40, 42 (1989)); *J.F. Meskill Enters., LLC v. Acuity*, No. 05-CV2955, 2006 WL 903207, at *3

(N.D. Ohio Apr. 7, 2006) (noting that the court in *Chemtrol* addressed "whether economic loss may be recovered in strict liability where the parties *are* in privity of contract[]" and "concluded that they could not.") (emphasis in original).

> "Tort law is not designed * * * to compensate parties for losses suffered as a result of a breach of duties assumed only by agreement." [citation omitted]. Thus, where a plaintiff has suffered only economic harm as a result of a defendant's breach of duty, the economic loss rule will bar the tort claim if the duty arose only by contract. In that case, the plaintiff's remedy would be in contract law, which requires privity of contract between the parties. In contrast, the economic rule does not apply--and the plaintiff who suffered only economic damages can proceed in tort--where the defendant breached a duty that did not arise solely from a contract.

*Campbell v. Krupp*, No. L-10-1224, 2011 WL 2175009, at *3 (Ohio Ct. App. June 3, 2011) (alteration in original) (quoting *Corporex*, 106 Ohio St. 3d at 414).

Plaintiff cites *Chemtrol Adhesives* in support of its argument that Count Three is not subject to the economic loss rule. In *Chemtrol*, the Ohio Supreme Court held:

> A commercial buyer seeking recovery from the seller for economic losses resulting from damage to the defective product itself may maintain a contract action for breach of warranty under the Uniform Commercial Code; however, in the absence of injury to persons or damage to other property, the commercial buyer may not recover for economic losses premised on tort theories of strict liability or negligence.

*Chemtrol Adhesives*, 42 Ohio St. 3d at 46, Syllabus ¶ 2. Plaintiff alleges that it incurred damages other than to the defective product when it was required to pay for the clean up of a spill at its customer's property, which constitutes "damage to other property." (Opposition, Doc. No. 17 at 3-4.)

The problem with plaintiff's argument is that the damage occurred to its customer's property, not any property belonging to plaintiff. The economic loss rule "does not bar a plaintiff from recovering economic damages that occurred as a result of damage *to the*

*plaintiff's property*, . . . but it cannot be avoided by claiming that physical damage occurred to the property of someone else." *City of Cleveland v. Ameriquest Mortg. Secs., Inc.*, 621 F. Supp. 2d 513, 525 (N.D. Ohio 2009)[2] (emphasis in original) (citing *Queen City Terminals, Inc. v. Gen. Am. Transp. Corp.*, 73 Ohio St. 3d 609, 615 (1995)); *Nat'l Mulch & Seed, Inc. v. Rexius Forest By-Prods., Inc.*, No. 2:02-cv-1288, 2007 WL 894833, at *6 (S.D. Ohio Mar. 22, 2007) ("'property damage' includes damages to both the goods sold to the plaintiff and other property *of the plaintiff*") (emphasis added).

### III. CONCLUSION

Since Count Three of the second amended complaint is barred by the economic loss rule, defendant's motion to dismiss count three (Doc. No. 15) is **GRANTED**.

**IT IS SO ORDERED**.

Dated: March 31, 2012

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[2] The case was affirmed on the sole issue of proximate cause and the court of appeals did not specifically address the economic loss rule. *City of Cleveland v. Ameriquest Mortg. Secs., Inc.*, 615 F.3d 496 (6th Cir. 2010), *cert. denied*, 131 S. Ct. 1685 (2011).